ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 MAR 29 P 3: 49
CLERK_____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NICHOLAS A. FAIRCLOUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-013 |
| | ) | |
| ERIC HOLDER, JANET NEPOLITANO, | ) | |
| ALFONSO AGUILAR, and WALT | ) | |
| WELLS, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, ostensibly brought the captioned petition pursuant to 28 U.S.C. § 2241. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* ("IFP") (doc. no. 2) be **DENIED** as **MOOT** and that this case be **DISMISSED WITHOUT PREJUDICE**.[1]

**I. BACKGROUND**

Petitioner states that he entered the United States as a lawful resident on August 10, 1998. (Doc. no. 1-1, p. 1.) In November of 2008, Petitioner plead guilty in the United States District Court for the Middle District of Florida to possession of a firearm by a convicted

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). See United States v. Fairclough, CR 308-334, doc. nos. 27, 29 (M.D. Fla. Sept. 17, 2008). On February 19, 2009, Petitioner was sentenced to 50 months of imprisonment. (Doc. no. 1, p. 2); Fairclough, CR 308-334, doc. no. 32. The Federal Bureau of Prisons ("BOP") has assigned Petitioner to MCF, his current place of incarceration. (Doc. no. 1, p. 1.)

Petitioner's primary contention in this case is that he is entitled to derivative citizenship because his father was naturalized on February 12, 1996, at which time Petitioner was under the age of 18. (Doc. no. 1-1, p. 2.) Petitioner argues that his entitlement to derivative citizenship makes his confinement at MCF unlawful, since MCF is "a prison that house[s] only deportable aliens or non-citizens." (Id.) Furthermore, Petitioner argues that, as a citizen, he "can be transferred to a [BOP] [f]acility where he could be able to reap the benefits [of being] a United [S]tates [c]itizen" and "be incarcerated for a shorter period of time due to [BOP] programming." (Id.)

Petitioner has supplied his father's naturalization certificate number and a copy of his own birth certificate in support of his claim for derivative citizenship. (See id. at 4, 6.) The only relief Petitioner requests is for the Court to compel the Department of Homeland Security ("DHS") to issue a Certificate of Naturalization to Petitioner. (Id. at 4.) Notably, Petitioner does not state that he has initiated any other proceedings regarding his claim of derivative citizenship.

## II.   DISCUSSION

As noted above, the instant petition was ostensibly filed pursuant to 28 U.S.C. § 2241, which provides for relief only if the prisoner is "in custody in violation of the

Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the instant petition amounts to an attempt to bypass the proper procedure for asserting a derivative citizenship claim, it should be dismissed without prejudice because the Court lacks subject matter jurisdiction.

There are two instances in which judicial review of a claim of derivative citizenship is appropriate. The first begins by filing an application for certificate of citizenship with the DHS. See 8 C.F.R. § 341.1. If such an application is denied, an appeal may be filed with the Administrative Appeals Unit ("AAU"). Id. § 322.5(b). If an appeal is denied by the AAU, then an applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. See 8 U.S.C. § 1503(a); see also Todd-Murgas v. Samuels, 2007 U.S. Dist. LEXIS 29642, at * 5-6 (D.N.J. Apr. 19, 2007) (summarizing regulatory procedure for initiating derivative citizenship claim); Barham v. United States, 1999 U.S. Dist. LEXIS 18160, at *4-5 (E.D.N.Y. Nov. 30, 1999) ("Only after a certificate of citizenship is denied following this administrative procedure does the district court have jurisdiction to determine citizenship").

The second scenario in which judicial review of a derivative citizenship claim is appropriate only occurs "where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D.N.Y. 2003). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing 8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal

proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. See 8 U.S.C. §§ 1503(a) & 1252(b) - (d); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional); Henriquez, 269 F. Supp.2d at 108.

This statutory and regulatory framework provides a specific process for the assertion of a claim of derivative citizenship. "[B]ecause there exists a specific statutory review process for [derivative citizenship] claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided." Rivera-Martinez v. Ashcroft, 389 F.3d 207, 208-09 (1st Cir. 2004) (*per curiam*); see also Sundar, 328 F.3d at 1323 (holding that alien may not bypass administrative procedures by bringing derivative citizenship claim under federal habeas statute); Todd-Murgas, 2007 U.S. Dist. LEXIS 29642, at *7-8 (dismissing § 2241 petitioner for lack of subject matter jurisdiction where petitioner asserted derivative citizenship claim without having first raised such claim in removal proceedings or applied to DHS for certificate of citizenship).

In this case, Petitioner is not seeking judicial review of a denial of an application for citizenship initiated with the DHS and appealed through the AAU. Nor is Petitioner seeking review of a derivative citizenship claim raised in a removal proceeding. Rather, the instant petition is an attempt to employ § 2241 to circumvent the proper procedure for asserting a claim of derivative citizenship. However, jurisdiction under § 2241 is not appropriate where, as here, Petitioner asks the Court to compel DHS to issue a certificate of citizenship without having initiated his derivative citizenship claim in the proper fashion. See Sundar, 328 F.3d

at 1323. The fact that issuance of such a certificate might allow Petitioner to claim entitlement to confinement at a different facility does not bring Petitioner's derivative citizenship claim within the jurisdictional scope of § 2241. See Rivera-Martinez, 389 F.3d at 208-09. Because subject matter jurisdiction is not available under § 2241, the instant petition should be dismissed without prejudice.

Furthermore, jurisdiction under § 2241 is lacking because the only relief sought is for the Court to compel the DHS to issue Petitioner a certificate of naturalization (doc. no. 1-1, p. 4), which is not relief that can be provided by the proper Respondent in this case. Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]." (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). Petitioner has not shown that he is in the custody of the DHS; therefore, the proper respondent in this case is the warden at Petitioner's place of confinement, Respondent Wells. See id. at 541 (petitioner not in custody of immigration agency where agency had "not yet commenced proceedings to determine deportability"); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."). Because "no warden of a federal prison could cause the issuance of a certificate of United States citizenship," the Court lacks jurisdiction under § 2241 to adjudicate Petitioner's claim. De Los Santos v. United States, 133 F. App'x 992, 993 (6th Cir. 2005) (no relief under § 2241 where petitioner asked court to compel issuance of certificate of citizenship because warden was only proper respondent and could not

provide such relief).

### III. CONCLUSION

In sum, the Court finds that it lacks subject matter jurisdiction to entertain Petitioner's action. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP (doc. no. 2) be **DENIED** as **MOOT** and that this case be **DISMISSED WITHOUT PREJUDICE.**

SO REPORTED and RECOMMENDED this 29th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE